# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0288 | **DATE** | 02/09/2012 |
| **CASE TITLE** | U.S. ex rel. Billy Sprinkle (#C-15277) v. Alex Dawson | | |

**DOCKET ENTRY TEXT:**

Respondent is ordered to answer the petition or otherwise plead on or before March 13, 2012. Petitioner's reply brief should be filed by April 3, 2012. Plaintiff's motion for appointment of counsel, contained within his application to proceed *in forma pauperis* [3] is denied.

■ [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

  Billy Sprinkle, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the sentence he received for his Will County, Illinois convictions for murder and aggravated battery on the grounds that the Illinois Department of Corrections will not credit him for good conduct credits for the time he spent on discretionary parole. The Court notes that Petitioner filed a previous federal habeas petition *U.S. ex rel. Billy Sprinkle v. Michael Randle, et al.*, Case No. 09 C 5660, (N.D.Ill) (St. Eve, J.) that was dismissed on October 29, 2009, because the Court determined that Petitioner had not yet exhausted his state court remedies, as required, prior to filing his federal habeas petition.

  Petitioner has paid the statutory filing fee.

  Petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition as of September 28, 2011. Furthermore, he appears to have filed his petition in a timely manner. Accordingly, Respondent is ordered to answer the petition or otherwise plead on or before March 13, 2012. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

  Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

AWL

**STATEMENT (continued)**

To the extent that Petitioner's application to proceed *in forma pauperis* [#3] also included a motion for appointment of counsel, the motion is denied as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.